Gregg *v*. Wynn.

## GREGG *v*. WYNN.

JURISDICTION—HABEAS CORPUS—CLERK.—The act of *January* 3, 1852, (2 G. & H. 304,) giving jurisdiction to the Clerk of the Circuit Courts to issue writs of *habeas corpus*, and to hear and determine them, is, by the subsequent legislation on the subject of *habeas corpus*, repealed, and such clerks have now no such power.

HABEAS CORPUS—PETITION FOR.—Where a guardian desires, by the aid of a writ of *habeas corpus*, to obtain the custody of his ward, he must make his letters of guardianship a part of his petition for the writ.

APPEAL from the Clerk of the *Franklin* Circuit Court.

PERKINS, J.—*Habeas corpus* issued by, and heard before, the Clerk of the *Franklin* Circuit Court, on behalf of one *Joseph H. Wynn*, claiming to be the guardian of *Oscar G. Wynn*, an infant, against *Israel Gregg*, who, it is alleged, wrongfully held in custody the said *Oscar*.

By the judgment of the Clerk, the custody of *Oscar* was awarded to *Joseph H. Wynn*. The first question made is upon the jurisdiction of the Clerk to issue the writ and hear the cause.

By the act, approved *January* 3, 1852, 2 G. & H. p. 304, the preamble to which recites that in consequence of the abrogation of the office of associate judge, &c., those entitled to the writ of *habeas corpus* may be put to great trouble and inconvenience in being brought before the judges of the Circuit Courts, at places remote, &c., it is enacted that the Clerks of the Circuit Courts, &c., may issue writs of *habeas corpus*, hear the causes, &c. A later statute authorizes the several Courts, &c., to issue the writs, &c., but does not purport to repeal the act authorizing the Clerk to issue, &c.; 2 G. & H. 318; and perhaps the legislature might confer that power on that officer. See *Waldo* v. *Wallace*, 12 Ind. 569. We think, however, considering the reason assigned in the preamble of the

act conferring the jurisdiction upon Clerks, and the fact of the subsequent creation of the Court of Common Pleas, and also the later statutes on the subject of *habeas corpus* generally, that it was the intention to supersede the jurisdiction of Clerks of the Court to issue of their own volition and hear writs of *habeas corpus,* and that such Clerks do not now possess such power.

But this is a point we need not have decided, because the complaint, in which the writ was prayed, does not contain facts authorizing the issue of a writ of *habeas corpus,* and hence the order below must be reversed.

No letters of guardianship, or copies thereof, appear in the complaint, or even in the record. Hence, no authority on the part of *Wynn* to claim the custody of young *Oscar* is shown. See *Warren* v. *Hofer,* 13 Ind. 167. At common law, in its earlier stages, profert, in pleading, was made of deeds, records, probates, letters of administration, &c., but not of unsealed private writings; Steph. on Pl. p. 69; and copies were furnished on demand. Under the code, in *Indiana,* we have gone back to the earlier common law, and beyond it, in requiring copies, or the originals of all these instruments, records, &c., to be filed with the pleading relying on them. In this case the letters of guardianship constituted the authority of the plaintiff below to apply for the writ. He should have produced that authority, or a copy of it, and filed it with his complaint. The point was properly saved by demurrer and exception.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*John M. Johnston,* for the appellant.

*S. A. Bonner,* for the appellee.